1

2

3

4

5

6

7

8                    United States District Court

9                   Eastern District of California

10

11

12  Desmon Loeb,

13          Plaintiff,              No. Civ. S 04-0730 LKK PAN P

14      vs.                         Order Directing Service by the
                                    United States Marshal Without
15  T. Felker, et al.,              Prepayment of Costs

16          Defendants.

17                              -oOo-

18      Plaintiff is proceeding in forma pauperis pursuant to 28

19  U.S.C. § 1915.  The court previously ordered plaintiff to provide

20  information for service of process on form USM-285, sufficient

21  copies of the complaint for service, and a notice of compliance.

22  Plaintiff has filed the required papers.

23      1.  The Clerk of the Court is directed to forward the

24  instructions for service of process, the completed summons, and

25  copies of the complaint and of this order to the United States

26  Marshal;

1     2.  Within ten days the United States Marshal shall notify

2   defendants T. Felker, A. Martin, and K. Stephen of the

3   commencement of this action and request waiver of service of

4   summons in accordance with the provisions of Fed. R. Civ. P.

5   4(d).

6     3.  The United States Marshal shall retain the original

7   summons and a copy of the complaint in his file.

8     4.  The United States Marshal shall file written waivers of

9   service of summons and any requests for waiver of service that

10  are returned undelivered as soon as they are received.

11    5.  If a requested waiver of service of summons is not

12  returned by a defendant within 60 days from the day the request

13  was mailed, the United States Marshal shall:

14    a.  Serve process and a copy of this order upon the

15  defendant pursuant to Rule 4 of the Federal Rules of Civil

16  Procedure and 28 U.S.C. § 566(c) and shall command all necessary

17  assistance from the California Department of Corrections to

18  execute this order.  The United States Marshal shall maintain the

19  privacy of all information provided in confidence by the

20  Department pursuant to this order.

21    b.  Within ten days after service is made, file the return

22  of service for the defendant with evidence of any attempts to

23  secure a waiver of service of summons and of the costs

24  subsequently incurred in effecting service on said defendant.

25  Said costs shall be itemized on form USM-285 and shall include

26  costs incurred by the Marshal for photocopying the summons and

complaint and preparing any new forms USM-285.  Costs of service
will be taxed against the defendant in accordance with Fed. R.
Civ. P. 4(d)(2).

     6.  Defendants shall reply to the complaint within the time
provided by Fed. R. Civ. P. 12(a).

     7.  Unless otherwise ordered, all motions to dismiss,
motions for summary judgment, motions concerning discovery,
motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of
the Federal Rules of Civil Procedure, and motions pursuant to
Local Rule 11-110 shall be briefed pursuant to Local Rule
78-230(m).  Failure timely to oppose a motion may be deemed
consent to the relief requested in the motion.  Opposition to all
other motions need be filed only as specifically directed by the
court.

     8.  If plaintiff is released from prison during the pendency
of this action, any party may request application of other
provisions of Local Rule 78-230 but Local Rule 78-230(m) shall
apply until such a request is made and granted.  See Local Rule
1-102(d).

     9.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 &
n. 14 (9th Cir. 2003), plaintiff is advised of the following
requirements for opposing a motion to dismiss for failure to
exhaust administrative remedies made by a defendant.  Such a
motion is a request for dismissal of unexhausted claims without
prejudice.  The defendant may submit evidence including
declarations under penalty of perjury and duly authenticated

3

1  documents to support the request.  If plaintiff contends he did

2  exhaust administrative remedies available to him, plaintiff may

3  oppose defendant's motion and submit evidence, including his own

4  or others' competent declarations under penalty of perjury and

5  duly authenticated documents.  If plaintiff does not serve and

6  file a written opposition to the motion, the court may consider

7  the failure as plaintiff's consent that the motion should be

8  granted.  If the defendant's motion to dismiss is granted

9  plaintiff's unexhausted claims will be dismissed without

10  prejudice.

11       10.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th

12  Cir. 1998) (en banc), <u>cert.</u> <u>denied</u>, 527 U.S. 1035 (1999), and

13  <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff

14  is advised of the following requirements for opposing a motion

15  for summary judgment made by a defendant pursuant to Rule 56 of

16  the Federal Rules of Civil Procedure.  Such a motion is a request

17  for an order for judgment in favor of the defendant without

18  trial.  A defendant's motion for summary judgment will set forth

19  the facts affecting plaintiff's right to relief under the

20  applicable law that defendant contends are not reasonably subject

21  to dispute.  To oppose a motion for summary judgment, plaintiff

22  must present evidence in support of his  claims.  To do this,

23  plaintiff may call the court's attention to statements within

24  plaintiff's knowledge made under the penalty of perjury in the

25  complaint, or submit his own or others' competent declarations

26  under penalty of perjury, duly authenticated documents, the

4

1  transcript of a deposition, answers to interrogatories, or

2  admissions obtained in this proceeding.  If there is some good

3  reason why such evidence is not available to plaintiff when

4  required to oppose a motion for summary judgment, the court will

5  consider a request to postpone considering the defendant's

6  motion.

7       11.  Unsigned affidavits or declarations will be stricken.

8       12.  Each party shall promptly advise the court if they

9  change their address by serving and filing a document entitled

10  "Notice of Change of Address."   Failure to inform the court of a

11  change of address may result in the imposition of sanctions

12  including dismissal of the action.

13       13.  The Clerk of the Court shall serve upon plaintiff a

14  copy of the Local Rules of Court.

15       14.  The failure of any party to comply with this order, the

16  Federal Rules of Civil Procedure, or the Local Rules of Court may

17  result in the imposition of sanctions including, but not limited

18  to, dismissal of the action or entry of default.  Fed. R. Civ. P.

19  11; Local Rule 11-110.

20       So ordered.

21       Dated:  April 19, 2005.

22                           /s/ Peter A. Nowinski
                             PETER A. NOWINSKI
23                           Magistrate Judge

24

25

26