1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DESMON LOEB,

11            Plaintiff,                    No. CIV S-04-0730 LKK PAN P

12        vs.

13   T. FELKER, et al.,

14            Defendants                    ORDER

15   _____/

16            On January 3, 2006, plaintiff filed a request that the Clerk of the Court enter the

17   default of defendants T. Felker's and A. Martin's.  He asserts these defendants failed timely to

18   plead in response to the complaint.

19            A party who waives service of process must respond to the complaint within 60

20   days from the date the request for waiver was sent.  Fed. R. Civ. P. 4(d)(3).  When a party against

21   whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as

22   provided by the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or

23   otherwise, the clerk shall enter the party's default.  Fed. R. Civ. P. 55(a).

24            The court may set aside entry of default upon a showing of good cause.  Fed. R.

25   Civ. P. 55(c).  Good causes exists where the default did not result from culpable conduct or

26   where the defendant has a meritorious defense.  Franchise Holding II, LLC. V. Huntington

1   <u>Restaurants</u>, 375 F.3d 922, 925-26 (9th Cir. 2004).  Where a party timely seeks relief from a

2   default and has a meritorious defense, default should be set aside.  <u>Mendoza v. Wight Vineyard</u>

3   <u>Management</u>, 783 F.2d 941, 945-46 (9th Cir. 1986).

4            On October 13, 2005, defendants T. Felker and A. Martin conceded and explained

5   their default, and they answered the complaint.  They assert counsel did not calendar time for

6   responding to the complaint because counsel already had answered on behalf of the other

7   defendants and did not realize she had failed to respond until she received plaintiff's request for

8   entry of default.

9            There is no evidence that these defendants intentionally failed to respond so as to

10  gain unfair advantage in the litigation.  Counsel promptly explained the default and answered

11  upon realizing the error.

12           The Clerk of the Court has not entered defendants' default and defendants have shown

13  good cause.

14           Accordingly, IT IS HEREBY ORDERED that plaintiff's January 3, 2006, motion

15  for default judgment is denied and the Clerk of the Court shall not enter defendants' default.

16  DATED: April 24, 2006.

17

18

19                                        UNITED STATES MAGISTRATE JUDGE

20

21

22

23  \004\loeb0730.dny dflt (jfm)

24

25

26